IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APL CO. PTE., LTD. and AMERICAN PRESIDENT LINES, LTD., <br><br> Plaintiffs, <br><br> v. <br><br> GLORY EXPRESS, INC., <br><br> Defendant. | Case No. 10-0432 SC <br><br> ORDER GRANTING MOTION FOR <u>DEFAULT JUDGMENT</u> |

**I.  INTRODUCTION**

Plaintiffs APL Co. Pte., Ltd. and American President Lines, Ltd. (collectively, "Plaintiffs") seek entry of Default Judgment against Defendant Glory Express, Inc. ("Defendant"). Docket No. 9 ("Motion").  Plaintiffs allege Defendant breached two maritime service contracts by failing to meet minimum cargo commitments. <u>See</u> Docket No. 1 ("Compl."), ¶¶ 6-28.  Having considered the papers submitted by Plaintiffs, the Court concludes that entry of Default Judgment against Defendant is appropriate, and GRANTS Plaintiffs' Motion.

**II.  BACKGROUND**

Plaintiffs are ocean carriers of goods for hire between international ports.  Compl. ¶ 6.  American President Lines, Ltd.

1  is a Delaware corporation moving cargo to and from the People's
2  Republic of China, Japan, Taiwan, and Mexico; APL Co. Pte., Ltd. is
3  an affiliated Singapore corporation moving cargo to and from other
4  locations.  See Vargas Decl., Ex. A ("2005 Contract") § 1(d).[1]  On
5  or about January 29, 2005, Plaintiffs entered into a written
6  service contract with Defendant in which Plaintiffs agreed to
7  transport Defendant's cargo from the United States to the Republic
8  of Korea.  Id. ¶ 7.  The 2005 Contract included a Minimum Volume
9  Commitment ("MVC") requiring Defendant to tender a minimum of
10 twenty-five "freight equivalent units" ("FEUs") during the contract
11 term.  Compl. ¶¶ 8-9; 2005 Contract § 2(b), App. B § 4.  The
12 Contract also included a liquidated damages or "dead freight"
13 provision, requiring Defendant to pay "deadfreight in the amount of
14 $350 for each FEU by which the MVC . . . exceeds the volume
15 actually tendered."  Id. ¶ 10; 2005 Contract § 3(6).
16      Plaintiffs allege that during the term of the 2005 Contract,
17 Defendant tendered only seventeen FEUs of cargo to Plaintiffs --
18 eight fewer FEUs than the MVC -- thus obligating Defendant to pay
19 Plaintiffs liquidated damages of $2800 (eight times $350).
20 Id. ¶ 12; Vargas Decl. ¶ 6.  Plaintiffs invoiced Defendant for
21 $2800, see Vargas Decl., Ex. C ("First Invoice"), but Defendant
22 failed to pay within thirty days as required by the Contract.
23 Compl. ¶¶ 13-14; Vargas Decl. ¶ 7.  Defendant did not respond with
24 payment upon further demands by Plaintiffs.  Id.
25      Plaintiffs and Defendant entered into a second written service
26
27 [1] Jose Alonso Vargas ("Vargas"), a financial analyst in Plaintiffs'
   accounts receivable and collections department, has filed a
28 declaration in support of the Motion.  Docket No. 10.

**United States District Court**
For the Northern District of California

2

1  contract on December 4, 2007.  Id. ¶ 15; Vargas Decl., Ex. B
2  ("2007 Contract").  This Contract included identical MVC and dead
3  freight provisions.  Compl. ¶¶ 16-18; 2007 Contract § 2(b), App. B
4  § 4.  Plaintiffs allege that Defendant tendered only one FEU during
5  the term of this Contract -- twenty-four fewer than the MVC -- thus
6  obligating Defendant to pay Plaintiffs $8400 in liquidated damages
7  (twenty-four times $350).  Id. ¶¶ 19-20; Vargas Decl. ¶ 10.
8  Plaintiffs invoiced Defendant for $8400, see Vargas Decl., Ex. D
9  ("Second Invoice"), but Defendant never paid.  Compl. ¶¶ 21-22;
10  Vargas Decl. ¶ 11.

11  Both contracts included a provision in which parties consented
12  to personal jurisdiction in the United States District Court for
13  the Northern District of California.  2005 Contract § 4(b);
14  2007 Contract § 4(b).  Both contracts also included a clause
15  stating that "[t]he costs and expenses of the arbitration or
16  litigation (including reasonable attorney's fees and costs) shall
17  be borne by the non-prevailing party."  2005 Contract § 4(a);
18  2007 Contract § 4(a).

19  Plaintiffs' Complaint was filed on January 29, 2010.  See
20  Compl.  On February 22, 2010, a registered California process
21  server served the Summons and Complaint on Grant Lee ("Lee"), a
22  person authorized by Defendant to accept service on its behalf, at
23  Defendant's corporate offices in Torrance, California.  See Docket
24  No. 5 ("Proof of Service"); deLangis Decl. ¶ 3.[2]  Defendant did not
25  respond.  The Clerk of the Court entered Default against Defendant
26  on April 9, 2010.  Docket No. 6.  Defendant has not since appeared

---

[2] Mark deLangis ("deLangis"), counsel for Plaintiffs, has filed a declaration in support of the Motion.  Docket No. 11.

in this action.

Plaintiffs seek a Default Judgment of $11,200 in liquidated damages for both contracts, plus $350 in litigation costs.

**III. LEGAL STANDARD**

After entry of a default, the Court may enter a default judgment. Fed. R. Civ. P. 55(b)(2). Its decision whether to do so, while "discretionary," Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980), is guided by several factors.

As a preliminary matter, the Court must "assess the adequacy of the service of process on the party against whom default is requested." Bd. of Trs. of the N. Cal. Sheet Metal Workers v. Peters, No. 00-0395, 2000 U.S. Dist. LEXIS 19065, at *2 (N.D. Cal. Jan. 2, 2001). If the Court determines that service was sufficient, it may consider the following factors in its decision on the merits of a motion for default judgment:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986). "The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977). Therefore, for the purposes of this Motion,

the Court accepts as true the facts as presented in the Complaint.

**IV. <u>DISCUSSION</u>**

    **A. <u>Service of Process</u>**

Defendant is a corporation.  Compl. ¶ 5.  Accordingly, service of process is governed by Federal Rule of Civil Procedure 4(h). Under Rule 4(h), a corporation may be served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process."  Fed. R. Civ. P. 4(h)(1)(B). Plaintiffs have submitted a declaration from a process server stating that service was effected by personal delivery of the Summons and Complaint to Lee, Defendant's authorized agent for service, at Defendant's address in Torrance, California.  <u>See</u> Proof of Service.  Accordingly, the Court finds service of process on Defendant to be proper.

    **B. <u>Merits of the Motion</u>**

Accepting the allegations in the Complaint as true, as it must, the Court finds that the <u>Eitel</u> factors favor default judgment.

Plaintiffs would be prejudiced absent entry of default judgment.  Defendant's failure to meet the contractually obligated MVC triggered the liquidated damages provisions in the contracts. Plaintiffs have properly served Defendant with notice of this action, and Defendant has chosen not to respond.  Parties consented to personal jurisdiction in the Northern District of California in the 2005 and 2007 contracts.  2005 Contract § 4(b); 2007 Contract

§ 4(b). Plaintiffs would be left without a legal remedy if it were denied an entry of default judgment.

Plaintiffs have properly alleged the necessary elements for their causes of action in its Complaint. Plaintiffs and Defendant entered into two facially valid contracts; Defendant breached both by failing to meet the MVC, triggering the liquidated damages provisions. The Complaint identifies the contracts at issue (the January 2005 and December 2007 contracts), the specific instances of breach (failure to meet the MVC of twenty five FEUs per contract term), and the appropriate remedy (liquidated damages of $350 for each FEU by which the MVC exceeds the volume actually tendered). The liquidated damages provisions of $350 per FEU are not so unreasonable as to render the contracts unenforceable. See Cal. Civ. Code § 1671(b) ("a provision in a contract liquidating the damages for the breach of the contract is valid unless the party seeking to invalidate the provision establishes that the provision was unreasonable under the circumstances existing at the time the contract was made").[3] Accordingly, Plaintiffs' Complaint is sufficient.

The amount of money at stake in this action -- $11,200 plus $350 in litigation costs -- is not so great as to preclude default judgment. The amount at issue is also unambiguous and easily calculable in light of the relevant contract provisions.

There is some potential for a dispute concerning material facts in this action; in particular, whether Defendant failed to

---

[3] Maritime contract actions are governed by state law, provided state law does not clearly conflict with federal maritime law. See Aqua-Marine Constructors, Inc. v. Banks, 110 F.3d 663, 667-68 (9th Cir. 1997).

6

United States District Court
For the Northern District of California

meet its MVC of twenty-five FEUs per contract term. However, Vargas declares, under penalty of perjury, that Defendant failed to tender the required number of FEUs. Vargas Decl. ¶¶ 6, 10. Thus this factor favors default judgment.

In addition, no facts suggest Defendant's failure to participate in this action is a case of excusable neglect. Defendant was served with notice of the present action and did not participate. See Service of Process. This factor favors entry of default judgment.

Finally, while it is preferable to decide cases on the merits whenever possible, this preference is not dispositive. Where a party fails to defend against a complaint, as Defendant has failed here, Rule 55 authorizes the Court to enter default judgment. Kloepping v. Fireman's Fund, No. 94-2684, 1996 U.S. Dist. LEXIS 1786, at *10 (N.D. Cal. Feb. 14, 1996).

**C. Remedy**

Plaintiffs request liquidated damages of $11,200 plus $350 in costs. The Court finds that Plaintiffs' calculation of liquidated damages to be reasonable and correct in light of the facts alleged and the terms of the 2005 and 2007 contracts. The contracts also provide for litigation costs to be paid by the non-prevailing party. 2005 Contract § 4(a); 2007 Contract § 4(a). While Plaintiffs have not provided an itemized account of litigation costs incurred, the Court finds the $350 sought is reasonable given the $350 filing fee imposed by 28 U.S.C. § 1914(a).

///

///

**V.     CONCLUSION**

The Court GRANTS Plaintiffs' Motion for Default Judgment. The Court enters Default Judgment against Defendant Glory Express, Inc., and in favor of Plaintiffs APL Co. Pte., Ltd. and American President Lines, Ltd., in the amount of $11,550. The Court also orders Plaintiffs to serve, by certified mail, a copy of this Order and the accompanying Default Judgment on Defendant's agent authorized to receive service of process, Grant Lee, at the address provided in the Proof of Service. Plaintiffs must file a Proof of Service within seven (7) days of this Order.

IT IS SO ORDERED.

Dated: June 9, 2010

UNITED STATES DISTRICT JUDGE